# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-614V
Filed: August 2, 2018
Not for Publication

*****************************************
| | |
|---|---|
| GRACE L. MATHER, | * |
| | * |
| Petitioner, | * |
| | * Tetanus, diphtheria, acellular pertussis |
| v. | * ("Tdap"), meningococcal, and human |
| | * papillomavirus ("HPV") vaccines; |
| SECRETARY OF HEALTH | * dermatomyositis |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

*****************************************

F. John Caldwell, Sarasota, FL, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 15, 2014, petitioner's father James Mather filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2012), alleging that tetanus, diphtheria, and acellular pertussis ("Tdap"), meningococcal, and human papillomavirus ("HPV") vaccines administered August 15, 2011 to his minor daughter caused her dermatomyositis whose onset was on or about September 15, 2011. When Mr. Mather's minor daughter reached her majority, the undersigned issued an Order on June 26, 2018 naming her as petitioner. Petitioner further alleges that she experienced the residual effects of this injury for more than six months.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 1, 2018, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.  Respondent denies that Tdap, meningococcal, and HPV vaccinations caused petitioner to suffer dermatomyositis or any other injury.  Nonetheless, the parties agreed to resolve this case informally.

The undersigned finds the terms of the stipulation to be reasonable, hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the undersigned awards the following vaccine compensation payments under 42 U.S.C. § 300aa-15(a) (2012):

a.  A lump sum payment of **$230,000.00** in the form of a check made payable to petitioner, Grace L. Mather; and
b.  An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 2, 2018                                    s/ Laura D. Millman
                                                         Laura D. Millman
                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GRACE L. MATHER, ) | |
| ) | |
| Petitioner, ) | No. 14-614V |
| ) | Special Master Laura Millman |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Grace L. Mather, petitioner, filed a petition for vaccine compensation[1] under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus, diphtheria, and acellular pertussis ("Tdap"), meningococcal, and human papillomavirus ("HPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received Tdap, meningococcal, and HPV immunizations on August 15, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that she sustained the first symptom or manifestation of dermatomyositis on or about September 15, 2011. Petitioner further alleges that she has suffered the residual effects of this injury for more than six months.

---

[1] The petition for vaccine compensation was originally filed on July 15, 2014, by petitioner's father, James Mather, on behalf of his minor daughter. Grace was substituted as petitioner on June ??, 2018, after she reached the age of majority.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the Tdap, meningococcal, and HPV vaccines caused petitioner's alleged dermatomyositis or any other injury or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum payment of $230,000.00, in the form of a check payable to petitioner, Grace L. Mather, on or after June 26, 2018; and
>
> (c) An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
> d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

> For future unreimbursable medical expenses, level payments of $23,400.00 per year for the remainder of Grace L. Mather's life, beginning as soon as practicable after the date of judgment, but no sooner than June 26, 2018.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Payments will continue to Grace L. Mather from the Life Insurance Company only so long as Grace L. Mather is alive at the time that a particular payment is due. The personal representative of the Estate of Grace L. Mather shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Grace L. Mather's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

3

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands

of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap, meningococcal, and HPV vaccines administered on August 15, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about July 15, 2014, in the United States Court of Federal Claims as petition No. 14-614V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner suffered the onset of dermatomyositis or any other injury as the result of the Tdap, meningococcal, and HPV vaccines or any other vaccine, or that her current disabilities are sequelae of her alleged vaccine-related injury.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

*/s/ Grace L. Mather*

GRACE L. MATHER

ATTORNEY OF RECORD FOR
PETITIONER:

*/s/ F. John Caldwell, Jr.*

F. JOHN CALDWELL, JR. ESQUIRE
Maglio, Christopher & Toale
1605 Main Street
Suite 710
Sarasota, FL 34236
888-952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*/s/ Narayan Nair*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Althea Walker Davis*

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: 1 Aug 2018

7