# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-614V
Filed: March 15, 2019
Not for Publication

*************************************
| | |
|---|---|
| GRACE MATHER, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Reasonable attorneys' fees and costs; |
| | * Tetanus, diphtheria, acellular pertussis |
| | * ("Tdap"), meningococcal, and human |
| SECRETARY OF HEALTH | * papillomavirus ("HPV") vaccines; |
| AND HUMAN SERVICES, | * dermatomyositis |
| | * |
| Respondent. | * |
| | * |

*************************************

F. John Caldwell, Sarasota, FL, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 15, 2014, petitioner's father James Mather filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that tetanus, diphtheria, and acellular pertussis ("Tdap"), meningococcal, and human papillomavirus ("HPV") vaccines administered August 15, 2011 to his minor daughter caused her dermatomyositis whose onset was on or about September 15, 2011. When Mr. Mather's minor daughter reached the age of majority, the undersigned issued an Order on June 26, 2018 naming her as petitioner. Petitioner further alleges that she experienced the residual effects of this injury for more than six months.

On August 1, 2018, the parties filed a stipulation in which they agreed to settle this case

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

and described the settlement terms. Respondent denies that the Tdap, meningococcal, and HPV vaccinations caused petitioner to suffer dermatomyositis or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On August 2, 2018, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. Judgment entered on September 11, 2018.

On December 6, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $98,463.30 and attorneys' costs of $25,755.90, for a total request of $124,219.20. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs in the amount of $122.55 in pursuit of this litigation. Id. Respondent responded to the motion on December 14, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3. Petitioner filed a reply on December 17, 2018, reiterating her belief that the requested amount of fees and costs is reasonable. Reply at 4. The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what other special masters have awarded Maglio Firm attorneys and paralegals. Thus, no adjustment to the requested rates is necessary. Turning next to the hours billed in this matter (343.7), the undersigned finds the majority of them to be reasonable, but a small reduction is necessary due to billed administrative tasks. Examples of administrative tasks billed include

preparing documents for filing (entries on 7/16/14, 7/20/14, 8/18/14, 10/6/15, 11/11/15, 1/26/16), reviewing CMECF generated notices for minute entries and for filings made by petitioner (entries on 8/25/14, 1/14/15, 1/9/17), and for travel related matters such as preparing travel documentation and paying travel costs (entries on 1/14/15, 1503/19/15, 11/10/15, 12/21/15, 1/18/16,12/18/16).  See generally Fees App. Ex. 1.2  Accordingly, the undersigned will reduce the fees award by **$750.00**.

Turning next to costs, petitioner requests a total of $25,755.90, covering obtaining medical records, mailing costs, travel, the work of Dr. M. Eric Gershwin in reviewing records and preparing an expert report, and the work of Patrick & Associates, LLC in preparing a life care plan. Fees App. Ex. 2.   The undersigned has reviewed the billing invoices for these experts and finds the billing entries and the overall amount billed to be reasonable for the work performed in this case.   Accordingly, they will be reimbursed in full.   Additionally, petitioner has provided adequate documentation for all of the costs incurred, and respondent has not identified any costs as unreasonable.   They will therefore also be reimbursed in full.

Finally, pursuant to General Order No. 9, petitioner warrants that she has expended $122.55 for the mailing of documents.   Fees App. Ex. 3 at 1-3.   Petitioner has adequately documented this cost, and it shall also be awarded.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.   The court awards the following:

1. **$123,469.20** (representing attorneys' fees in the amount of $97,713.30 and costs of $25,755.90) in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA; and

2. **$122.55** (representing petitioner's costs) in the form of a check made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

---

[2] The cited entries are provided as examples and are not intended to represent all such instances of billed administrative time.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: March 15, 2019                                              /s/ Laura D. Millman
                                                                    Laura D. Millman
                                                                    Special Master